Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPEC DRILLING & SHORING, dba SPEC DRILLING & SHORING, INC., a California Corporation; and DOUGLAS CHARLES SPECK, an individual, <br><br> Defendants. | Case No.: C08-5181 MMC <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the plaintiffs BOARDS OF TRUSTEES FOR OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants SPEC DRILLING & SHORING dba SPEC DRILLING & SHORING, INC., a California Corporation, or successor entities; and DOUGLAS CHARLES SPECK, an individual, (collectively "Defendants"), as follows:

1.  Defendants entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

/ / /

2. Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---:|---:|
| January 2008 | Liquidated Damages | $421.74 | |
| | Interest (to 2/9/09) | $43.53 | |
| | | | $465.27 |
| February 2008 | Liquidated Damages | $597.16 | |
| | Interest (to 2/9/09) | $36.36 | |
| | | | $633.52 |
| March 2008 | Liquidated Damages | $429.24 | |
| | Interest (to 2/9/09) | $141.19 | |
| | | ($55.89) | |
| | | | $514.54 |
| April 2008 | Reported contributions | $2,055.88 | |
| | Liquidated Damages | $413.56 | |
| | Interest (to 2/9/09) | $20.86 | |
| | | | $2,490.30 |
| May 2008 | Reported contributions | $2,475.04 | |
| | Liquidated Damages | $454.93 | |
| | Interest (to 2/9/09) | $111.41 | |
| | | | $3,041.38 |
| June 2008 | Reported contributions | $2,914.16 | |
| | Liquidated Damages | $504.60 | |
| | Interest (to 2/9/09) | $131.84 | |
| | | | $3,550.60 |
| July 2008 | Contribution balance | $2,093.73 | |
| | Liquidated Damages | $632.22 | |
| | Interest (to 2/9/09) | $171.03 | |
| | | | $2,896.98 |
| August 2008 | Reported contributions | $3,057.12 | |
| | Liquidated Damages | $527.08 | |
| | Interest (to 2/9/09) | $130.09 | |
| | | | $3,714.29 |
| September 2008 | Reported contributions | $1,698.40 | |
| | Liquidated Damages | $379.92 | |
| | Interest (to 2/9/09) | $148.60 | |
| | | | $2,226.92 |
| October 2008 | Reported contributions | $3,014.66 | |
| | Liquidated Damages | $522.19 | |
| | Interest (to 2/9/09) | $207.91 | |
| | | | $3,744.76 |
| November 2008 | Reported contributions | $2,462.68 | |
| | Liquidated Damages | $458.62 | |
| | Interest (to 2/9/09) | $230.24 | |
| | | | $3,151.54 |
| Audit | | | $6,518.22 |
| **SUB-TOTAL** | | | **$32,948.32** |
| | Attorneys Fees (to 1/30/09) | | **$2,157.00** |
| | Cost of Suit, etc. | | **$498.00** |
| **TOTAL** | | | **$35,603.32** |

2

3. Defendants shall *conditionally* pay the amount of **$30,262.06**, representing all above amounts, less liquidated damages in the amount of **$5,341.26** *conditioned upon Trustees approval and timely compliance with all of the terms of this Stipulation,* as follows:

(a) On or before February 28, 2009, and no later than the last calendar day of each month thereafter for a period of 12 months, through and including January 31, 2010, Defendants shall pay to Plaintiffs the amount of **$2,700.00**. These payments may be made by joint check, to be endorsed prior to submission;

(b) Defendants shall have the right to increase the monthly payments at any time;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 12% per annum in accordance with Plaintiffs' Trust Agreements.

(d) Payments shall be made payable to the Operating Engineers Trust Funds, and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be <u>received</u> on or before the last calendar day of each month**, or to such other address as may be specified by Plaintiffs.

(e) At the time that Defendants makes their 11th monthly payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 11th payment. Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.

4. In the event that any check is not timely submitted or submitted by Defendants but fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default on the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default. Default will only be cured by the issuance of a replacement, **cashier's check** (if the default was caused by a failed check), delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. If Defendants elect to cure said default, and Plaintiffs elect to accept

future payments, all such payments shall be made by cashier's check.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

5. Beginning with contributions due for hours worked by Defendants' employees during the month of January 2009, to be postmarked no later than February 15, 2009 and delinquent if not received by February 25, 2009, and for every month thereafter that the Bargaining Agreement remains in effect, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendants shall fax a copy of their contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment** to the **Trust Fund office.  To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency**.

6. Failure by Defendants to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of ¶10 shall apply.  Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the combined total of contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine res judicata as to any such additional amounts determined as due.

7. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions owed by Defendants to the Funds.  This Stipulation does not in any

4

manner relate to withdrawal liability claims. Defendants acknowledges that the Funds expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants as provided by the Collective Bargaining Agreement, Trust Agreements incorporated therein, and the law.

8. At Plaintiffs' request, Defendants shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, general contractor, certified payroll if a public works job, and period. **Defendants shall fax said updated list each month together with the contribution report (as required by ¶5 of this Stipulation) to Michele R. Stafford at 415-882-9287**, failure to provide this information within seven (7) days of Plaintiffs' request shall constitute a default under the terms of this agreement.

9. Douglas Charles Speck acknowledges that he is the RMO/CEO/President of SPEC Drilling & Shoring dba SPEC Drilling & Shoring, Inc., and acknowledges that all successors in interest to SPEC Drilling & Shoring dba SPEC Drilling & Shoring, Inc., as well as assigns and affiliated entities, shall be bound by the terms of this Stipulation as Guarantors. All such entities specifically consent to the Court's jurisdiction as well as all other terms herein.

10. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, of the amount of the final lump sum payment and any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before January 31, 2010. Plaintiffs shall also advise whether the conditional waiver of liquidated damages have been granted in whole or in part. In the event that the waiver is not granted, or granted in part, the liquidated damages due shall be paid within the twelve (12th) payment. In the event that Defendants cannot pay in full at that time, the payment plan shall continue until paid in full.

11. In the event that Defendants fail to make any payment required under ¶3 above, or fail to remain current in any contributions under ¶5 above, then,

   (a) The entire amount of **$35,603.32** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs as referenced herein.

   (b) A writ of execution may be obtained against Defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default.

   (c) Defendants waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

   (d) Defendants shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation, regardless of Defendants' default status.

  12. Any failure on the part of the Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions herein.

  13. In the event of the filing of a bankruptcy petition by any of the Defendants, the parties agree that any payments made by Defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

  14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

1  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
2  Stipulation.

3      15.    This Stipulation contains all of the terms agreed by the parties and no other
4  agreements have been made.  Any changes to this Stipulation shall be effective only if made in
5  writing and signed by all parties hereto.

6      16.    This Stipulation may be executed in any number of counterparts and by facsimile,
7  each of which shall be deemed an original and all of which shall constitute the same instrument.

8      17.    The parties agree that the Court shall retain jurisdiction of this matter until this
9  Judgment is satisfied.

10      18.    All parties represent and warrant that they have had the opportunity to be or have
11  been represented by counsel of their own choosing in connection with entering this Stipulation
12  under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: February 27, 2009          SPEC DRILLING & SHORING dba SPEC DRILLING & SHORING, INC.

By:    _____/s/_____
Douglas Charles Speck, RMP/CEO/President

Dated: February 27, 2009

By:    _____/s/_____
Douglas Charles Speck, Individually

Dated: March 2, 2009          SALTZMAN & JOHNSON
LAW CORPORATION

By:    _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

**IT IS SO ORDERED**.  IT IS FURTHER ORDERED that plaintiffs shall serve a copy of this order on each defendant.

Dated: __March 5_____, 2009    _____
UNITED STATES DISTRICT COURT JUDGE

7

JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C08-5181 MMC

P:\CLIENTS\OE3CL\S P E C Drilling & Shoring Inc\Pleadings\C08-5181 MMC Judgment Pursuant to Stipulation 030209.DOC